# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| IKORONGO TEXAS LLC, | )<br>)<br>) Civil Action No. 2:20-cv-257<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LG ELECTRONICS INC., )<br>and LG ELECTRONICS )<br>U.S.A., INC., )<br>Defendants. ) **JURY TRIAL DEMANDED**<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ikorongo Texas LLC ("Ikorongo" or "Plaintiff") for its complaint against defendants LG Electronics Inc. ("LGEKR") and LG Electronics U.S.A., Inc. ("LGEUS") (together "LG" or "Defendants"), hereby alleges as follows:

## THE PARTIES

1. Ikorongo is a Texas limited liability company having an address at 678 Bear Tree Creek, Chapel Hill, NC 27517.

2. Upon information and belief, Defendant LGEKR is a corporation organized under the laws of South Korea, with its principal place of business at LG Twin Towers, 128 Yeoui-daero, Yeongdungpo-gu, Seoul, 07366, South Korea.

3. Upon information and belief, Defendant LGEUS is a corporation organized under the laws of the State of Delaware, with regular and established places of business in Texas at

least at 9420 Research Blvd, Austin, Texas 78759; 21251-2155 Eagle Parkway, Fort Worth, Texas 76177; and 14901 Beach St, Fort Worth, TX 76177.

4. Defendant LGEUS merged with LG Electronics MobileComm U.S.A., Inc., on August 1, 2018, and has stated that it assumed all rights and responsibilities of LG Electronics MobileComm U.S.A., Inc. *3G Licensing S.A., et al. v. LG Electronics, Inc., et al.*, Case No. 1:17-cv-00085-LPS (D. Del.) at Dkt. 144.

## JURISDICTION

5. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general personal jurisdiction over LG because LG is engaged in substantial and not isolated activity at its regular and established places of business within this judicial district. This Court has specific jurisdiction over LG because LG has committed acts of infringement giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over LG in this Court would not offend traditional notions of fair play and substantial justice. LG, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement of Ikorongo's rights in the Asserted Patents in this District by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the Asserted Patents.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas, and upon information and belief, LG has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing

products and/or services that infringe the Asserted Patents.  LG has regular and established places of business in this District, including at 9420 Research Blvd, Austin

## FACTUAL BACKGROUND

8. This action concerns U.S. Patent Numbers RE 41,450 (the '450 Patent), RE 45,543 (the '543 Patent), RE 47,704 (the '704 Patent), and 8,874,554 (the '554 Patent), (collectively the "Asserted Patents"), true and correct copies of which are attached as Exhibits A, B, C, and D, respectively.

9. Ikorongo, pursuant to the principles of *Waterman v. Mackenzie*, 138 U.S. 252 (1891) and 35 U.S.C. §261, is the owner of the exclusive right under the Asserted Patents within and throughout a specified part of the United States ("the Specified Part") that includes specific counties within the present judicial district, including the right to sue for past, present and future infringement and damages thereof.

10. Ikorongo Technology LLC is the owner of the entire right, title and interest in the Asserted Patents, including the exclusive right under the Asserted Patents, within and throughout all parts of the United States and world not included in the Specified Part, including the right to sue for past, present and future infringement and damages thereof.  This includes at least one county within the present judicial district.

11. Together Ikorongo and Ikorongo Technology LLC own the entire right, title and interest in the Asserted Patents, including the right to sue for past, present and future infringement and damages thereof, throughout the entire United States and world.

12. Each of the '450 Patent, the '543 Patent and the '704 Patent is a Reissue Patent of U.S. Patent No. 7,080,139 (the '139 Patent).  The '139 Patent, entitled "Method and Apparatus for Selectively Sharing and Passively Tracking Communication Device Experiences" was filed

on April 24, 2001 as U.S. Patent Application No. 09/841,475. It was duly and legally issued by the U.S. Patent and Trademark Office (PTO) on July 18, 2006. It received 597 days of patent term extension. A true and correct copy of the '139 Patent is attached as Exhibit E.

13. The '450 Patent was filed as Reissue Application 12/172,518 on July 14, 2008. It was duly and legally reissued by the PTO on July 20, 2010.

14. The '543 Patent was filed as Reissue Application 13/894,009 on May 14, 2013. It was duly and legally reissued by the PTO on June 2, 2015.

15. The '704 Patent was filed as Reissue Application 14/577,746 on December 19, 2014. It was duly and legally reissued by the PTO on November 5, 2019.

16. The '554 Patent, entitled "Turnersphere" was filed on November 1, 2013 as U.S. Application 14/069,761. It was duly and legally issued by the PTO on October 28, 2014.

17. The elements claimed by Asserted Patents, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the times of their respective invention.

## COUNT I

(LG's Infringement of the '450 Patent)

18. Paragraphs 1- 17 are reincorporated by reference as if fully set forth herein.

19. The elements claimed by the '450 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '450 patent provides a technical solution to technical problems.

20. LG has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 67 of the '450 patent by making, using, testing, selling, offering for sale or importing into the Specified Part products and/or services

covered by the '450 patent. LG's products and/or services that infringe the '450 patent include, but are not limited to, LG smart phones and tablets with GPS capabilities -- such as LG's smartphone lines including the LG V series, G series, including but not limited to the LG G8x ThinQ -- and any other LG products and/or services, either alone or in combination, that operate in substantially the same manner ("the Accused Instrumentalities"). As one non-limiting example, use of LG G8X ThinQ, including during testing, repair and corporate use, includes a computer-implemented method of sharing computer usage experiences as claimed. *See, e.g.,* exemplary claim chart Exhibit F, which is incorporated herein by reference.

21. Additionally, LG has been, and currently is, an active inducer of infringement of the '450 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '450 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

22. LG has induced and continues to induce infringement of the '450 patent by intending that others use, offer for sale, or sell in the Specified Part, products and/or services covered by the '450 patent, including but not limited to the Accused Instrumentalities. LG provides these products and/or services to others, such as customers, resellers and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the Specified Part products and/or services that directly infringe one or more claims of the '450 patent.

23. LG has contributed to and continues to contribute to the infringement of the '450 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '450 patent.

24. LG knew of the '450 patent, or should have known of the '450 patent, but was willfully blind to its existence. Upon information and belief, LG has had actual knowledge of the '450 patent since at least as early as the service upon LG of this Complaint.

25. LG has committed and continues to commit affirmative acts that cause infringement of one or more claims of the '450 patent with knowledge of the '450 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '450 patent. As an illustrative example only, LG induces such acts of infringement by its affirmative actions of intentionally providing hardware and or software components that when used in their normal and customary way, infringe one or more claims of the '450 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '450 patent, including those found at www.LG.com and in product literature.

26. LG has committed and continues to commit contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '450 patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '450 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

27. As a result of LG's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II

(LG's Infringement of '543 Patent)

28. Paragraphs 1- 27 are reincorporated by reference as if fully set forth herein.

29. The elements claimed by the '543 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '543 patent provides a technical solution to technical problems.

30. LG has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 45 of the '543 patent by making, using, testing, selling, offering for sale or importing into the Specified Part products and/or services covered by the '543 patent, including but not limited to Accused Instrumentalities. As one non-limiting example, the LG G8X ThinQ meets the claim. *See, e.g.,* exemplary claim chart Exhibit G, which is incorporated herein by reference.

31. Additionally, LG has been, and currently is, an active inducer of infringement of the '543 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '543 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

32. LG has induced and continues to induce infringement of the '543 patent by intending that others use, offer for sale, or sell in the Specified Part, products and/or services covered by the '543 patent, including but not limited to the Accused Instrumentalities. LG provides these products and/or services to others, such as customers, resellers and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the Specified Part products and/or services that directly infringe one or more claims of the'543 patent.

33. LG has contributed to and continues to contribute to the infringement of the '543 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '543 patent.

34. LG knew of the '543 patent, or should have known of the '543 patent, but was willfully blind to its existence. Upon information and belief, LG has had actual knowledge of the '543 patent since at least as early as the service upon LG of this Complaint.

35. LG has committed and continues to commit affirmative acts that cause infringement of one or more claims of the '543 patent with knowledge of the '543 patent and

knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '543 patent.  As an illustrative example only, LG induces such acts of infringement by its affirmative actions of intentionally providing hardware and or software components that when used in their normal and customary way, infringe one or more claims of the '543 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '543 patent, including those found at www.LG.com and in product literature.

36.     LG has committed and continues to commit contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '543 patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '543 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

37.     As a result of LG's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT III

(LG's Infringement of '704 Patent)

38.     Paragraphs 1- 37 are reincorporated by reference as if fully set forth herein.

39.     The elements claimed by the '704 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention.  Rather, the '704 patent provides a technical solution to technical problems.

40.     LG has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 48 of the '704 patent by making, using,

testing, selling, offering for sale or importing into the Specified Part products and/or services covered by the '704 patent, including but not limited to Accused Instrumentalities.  As one non-limiting example, the LG G8X ThinQ infringes the patent. *See, e.g.,* exemplary claim chart Exhibit H, which is incorporated herein by reference.

41. Additionally, LG has been, and currently is, an active inducer of infringement of the '704 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '704 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

42. LG has induced and continues to induce infringement of the '704 patent by intending that others use, offer for sale, or sell in the Specified Part, products and/or services covered by the '704 patent, including but not limited to the Accused Instrumentalities. LG provides these products and/or services to others, such as customers, resellers and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the Specified Part products and/or services that directly infringe one or more claims of the '704 patent.

43. LG has contributed to and continues to contribute to the infringement of the '704 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '704 patent.

44. LG knew of the '704 patent, or should have known of the '704 patent, but was willfully blind to its existence.  Upon information and belief, LG has had actual knowledge of the '704 patent since at least as early as the service upon LG of this Complaint.

45. LG has committed and continues to commit affirmative acts that cause infringement of one or more claims of the '704 patent with knowledge of the '704 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '704 patent.  As an illustrative example only, LG induces such acts of infringement

by its affirmative actions of intentionally providing hardware and or software components that when used in their normal and customary way, infringe one or more claims of the '704 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '704 patent, including those found at www.LG.com and in product literature.

46. LG has committed and continues to commit contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '704 patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '704 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

47. As a result of LG's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT IV**

(LG's Infringement of '554 Patent)

48. Paragraphs 1- 47 are reincorporated by reference as if fully set forth herein.

49. The elements claimed by the '554 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '554 patent provides a technical solution to technical problems.

50. LG has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 1 of the '554 patent by making, using, testing, selling, offering for sale or importing into the Specified Part products and/or services covered by the '554 patent, including but not limited to Accused Instrumentalities. As one non-

limiting example, the LG G8X ThinQ infringes the patent. *See, e.g.,* exemplary claim chart Exhibit I, which is incorporated herein by reference.

51. Additionally, LG has been, and currently is, an active inducer of infringement of the '554 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '554 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

52. LG has induced and continues to induce infringement of the '554 patent by intending that others use, offer for sale, or sell in the Specified Part, products and/or services covered by the '554 patent, including but not limited to the Accused Instrumentalities. LG provides these products and/or services to others, such as customers, resellers and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the Specified Part products and/or services that directly infringe one or more claims of the'554 patent.

53. LG has contributed to and continues to contribute to the infringement of the '554 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '554 patent.

54. LG knew of the '554 patent, or should have known of the '554 patent, but was willfully blind to its existence.  Upon information and belief, LG has had actual knowledge of the '554 patent since at least as early as the service upon LG of this Complaint.

55. LG has committed and continues to commit affirmative acts that cause infringement of one or more claims of the '554 patent with knowledge of the '554 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '554 patent.  As an illustrative example only, LG induces such acts of infringement by its affirmative actions of intentionally providing hardware and or software components that when used in their normal and customary way, infringe one or more claims of the '554 patent

and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '554 patent, including those found at www.LG.com and in product literature.

56. LG has committed and continues to commit contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '554 patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '554 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

57. As a result of LG's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

Plaintiff requests that the Court enter judgment against LG:

(A) that LG has infringed one or more claims of each of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

(B) awarding damages sufficient to compensate Plaintiff for LG's infringement under 35 U.S.C. § 284;

(C) finding this case exceptional under 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees;

(D) awarding Plaintiff its costs and expenses incurred in this action;

(E) awarding Plaintiff prejudgment and post-judgment interest; and

(F) granting Plaintiff such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable under Federal Rule Of Civil Procedure 38.

Date: March 31, 2020

Respectfully submitted,

*/s/Derek Gilliland*
**DEREK GILLILAND**
STATE BAR NO. 24007239
**SOREY, GILLILAND & HULL, LLP**
109 W. Tyler St.
Longview, Texas 75601
903.212.2822 (telephone)
903.212.2864 (facsimile)
derek@soreylaw.com

**KARL RUPP**
State Bar No. 24035243
**NIX PATTERSON L.L.P.**
1845 Woodall Rodgers Fwy., Suite 1050
Dallas, Texas 45001
972.831.1188 (telephone)
972.444.0716 (facsimile)
krupp@nixlaw.com

OF COUNSEL:

**HOWARD WISNIA** (*pro hac vice* forthcoming*)*
**WISNIA PC**
12770 High Bluff Dr., Suite 200
San Diego, CA  92130
Tel: (858) 461-0989
howard@wisnialaw.com

*COUNSEL for PLAINTIFF*