# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| IKORONGO TECHNOLOGY LLC and IKORONGO TEXAS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC.,<br><br>Defendants. | Civil Action No. 6:20-cv-257-ADA<br><br>█████████████<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' REPLY IN SUPPORT OF
### DEFENDANTS' OPPOSED MOTION TO TRANSFER TO THE
### NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)

I.      **INTRODUCTION**

Under § 1404, this case should be transferred from the Western District of Texas ("WDTX") to the Northern District of California ("NDCA"). Third-party witnesses from Google and AT&T and two named inventors are located in NDCA. Despite taking extensive venue discovery, Ikorongo has not identified a single relevant witness or document in WDTX. Instead, the only WDTX tie Ikorongo can muster is that unnamed "end-users of LG phones" use phones in this district. But end users use LG phones in every district and, regardless, end users are unlikely to testify at trial and do not make WDTX more convenient.

Unable to defeat a § 1404 transfer on the merits, Ikorongo tries to justify avoiding transfer through its novel pre-filing contractual maneuvering. First, North Carolina-based Ikorongo Technology LLC ("Ikorongo Tech") created Texas-based Ikorongo Texas LLC ("Ikorongo TX") and assigned to Ikorongo TX the right to sue in Texas. Ikorongo TX then filed the original complaint, only to file an amended complaint one day later adding Ikorongo Tech as a co-plaintiff. Ikorongo argues this means that transfer is improper because Ikorongo TX was only assigned authority to sue in Texas, not elsewhere. That argument—and the fiction Ikorongo tries to achieve with its maneuverings—fails because whether venue is proper under § 1404 focuses on the defendants' contacts in the transferee forum when the original complaint was filed, not whether a specific plaintiff could sue in that district.

II.     **THIS CASE COULD HAVE BEEN FILED IN NDCA**

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought . . . ." A patent infringement action "might have been brought" in any judicial district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Ikorongo alleges LG committed acts of infringement in NDCA (*see, e.g.*, Am. Compl. at ¶¶ 21, 31, 41, 51)

1

and does not dispute that LGEUS has a regular and established place of business in NDCA. Moreover, venue is proper in any district for LGEKR, a foreign corporation.  28 U.S.C. § 1391. Ikorongo therefore does not dispute LG could have been sued in NDCA.

Ikorongo instead argues that it could not have filed suit in NDCA because Ikorongo Tech's pre-filing assignment to Ikorongo TX only permitted the latter to sue in Texas.  Plaintiffs' Response in Opposition to Defendant's Motion to Transfer Venue and Brief in Support ("Opposition") at 4-5.  This argument is baseless.  Whether a case "might have been brought" in the transferee forum focuses on the ***defendants'*** contacts with the transferee forum ***at the time the original suit was filed***, not whether a specific plaintiff like Ikorongo TX was contractually permitted to bring suit in the transferee district.  Venue is proper in any district "where the ***defendant*** has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added).  The statute poses no requirements on the plaintiff, as confirmed by Ikorongo's own cases.[1]

Ikorongo cites no authority for the proposition that a plaintiff's pre-filing contractual maneuverings can allow it to avoid transfer regardless of convenience.  Nor should this court accept Ikorongo's request to make new law, as accepting Ikorongo's argument would have far-reaching implications: any patent holder could defeat § 1404 by merely incorporating a new company and assigning to that new company the right sue only in a particular district.  Nothing in

---

[1] In *Galderma*, the court determined venue was improper in N.D. Tex. by analyzing the defendant's presence in that district when the case was filed.  290 F. Supp. 3d 599, 612 (N.D. Tex. 2017).  Similarly, in *Adaptix*, the court held that the transferee forum had jurisdiction because when the complaint was filed, the defendant infringed and had a sufficient place of business in the transferee district.  937 F. Supp. 2d 867, 872 (E.D. Tex. 2013).  The instant case could have been brought in NDCA because when the original complaint was filed, LG-branded products, including the accused products, were sold throughout the US, including in NDCA, and LGEUS had a regular and established place of business in NDCA.

28 U.S.C. § 1404(a), 28 U.S.C. § 1400(b), or precedent permits such gamesmanship. Moreover, the "original complaint" named both Ikorongo entities, not just Ikorongo TX, as Ikorongo argues.[2]

### III. THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER

All private and public interest factors weigh in favor of transfer. First, relevant sources of proof are located in NDCA, not WDTX. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3] By contrast, Ikorongo has not identified any relevant sources of proof in WDTX. While Ikorongo identifies a Google data center in Midlothian, TX—which is in the Northern, not Western, District of Texas—its assertion that documents relevant to the litigation are stored in that data center is unsupported ▮▮▮. *See DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *5 (W.D. Tex. June 13, 2014) (granting transfer because while "[t]here is no dispute [defendant] has a presence in this district, [] that presence is unrelated to this litigation").

Second, the availability of compulsory process weighs in favor of transfer. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and two named

---

[2] Ikorongo argues "Ikorongo TX was the sole plaintiff in the original complaint," since Ikorongo Tech. was not added as a plaintiff until one day after Dkt. 1 was filed. Opp. at 4-5. Ikorongo is wrong: the "original complaint" as to Defendants is the amended complaint that lists both Ikorongo entities. Dkt. 2. **The first and only complaint Ikorongo served on Defendants was the amended complaint, see Dkts. 7-9, and a summons never even issued as to what Ikorongo now calls the "original complaint."** Dkt. 1. Even if Ikorongo were correct as to how the §§ 1404(a) or 1400(b) analysis is conducted, its argument fails because the "original complaint" names both Ikorongo entities.
[3] As explained in Defendants' Opposition to Ikorongo's Motion to Strike Mr. Friedland's Declaration, Mr. Friedland's declaration is based on personal knowledge and admissible.

3

inventors of the asserted patents are subject to compulsory process in NDCA.  Defendants' Opposed Motion to Transfer to the Northern District of California Under 28 U.S.C. § 1404(a) (Dkt. 27) at 6-8.  In contrast, Ikorongo has not identified any specific witnesses likely to testify that are subject to this Court's compulsory process.  Instead, Ikorongo focuses on unspecified "end-users of LG phones" that it "may need to subpoena" in WDTX and the Court's allegedly central location for named inventors outside this Court's subpoena power.  Opposition at 9-10.  Neither group swings this factor against transfer.  End users are not unique to this district and are unlikely to testify at trial.  Inventors outside this Court's compulsory process are also irrelevant, as it is improper to weigh a court's "central location as a consideration in the absence of witnesses within the plaintiff's choice of venue."  *In re Genentech, Inc.,* 566 F.3d 1338, 1344 (Fed. Cir. 2009).  Finally, contrary to Ikorongo's assertion, Google is a third party, as Ikorongo brought suit only against Defendants, not Google.

Third, the "most important factor in the transfer analysis"—convenience of witnesses, especially for non-party witnesses—weighs in favor of transfer as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *5 (W.D. Tex. Aug. 20, 2020); Friedland Decl. ¶¶ 5, 8, 10; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Ikorongo has not identified a single relevant witness in WDTX.  That Ikorongo's CEO resides closer to WDTX than NDCA does not change this analysis, as "[t]he Court gives the convenience of party witnesses little weight."  *Parus Holdings*, 2020 WL 4905809, at *5.  Moreover, even assuming that food and lodging costs are less expensive in WDTX than NDCA, as Ikorongo alleges, any such cost savings will likely be more than offset by the number of witnesses that will not need any food or lodging if the case were tried in NDCA.

Fourth, the practical problems factor weighs in favor of transfer because this case is still in its early stages. The *Markman* hearing is still forthcoming and fact discovery has not commenced. Ikorongo asserts this factor weighs against transfer because the Bumble case will remain in this district. Opp. at 13. That argument is misplaced: the "mere co-pendency of related suits in a particular district" does not "automatically" tip this factor in Ikorongo's favor. *See In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017). "To hold otherwise" would "effectively inoculat[e] a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district. This is not the law under the Fifth Circuit." *Id.* Additionally, courts reject Ikorongo's argument that judicial economy disfavors transfer because "this Court will necessarily become familiar with the Asserted Patents." *E.g.*, *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("Motions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.' Any subsequent familiarity gained by the district court is therefore irrelevant.") (internal citations omitted).

Finally, the public interest factors either favor transfer or are neutral. First, the local interest factor weighs heavily in favor of transfer because NDCA has a greater localized interest in deciding this case, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In contrast, Ikorongo identifies no local interest in deciding this case in WDTX besides "Ikorongo TX's allegations [that] relate to infringement in Texas and this District." But there is nothing unique about its infringement allegation in relation to this district as opposed to every other district. Thus WDTX's generalized interest does not outweigh NDCA's specific interest in this action. The court congestion factor is neutral, as time to trial, particularly in view of the COVID-19 pandemic, is speculative. Finally, the familiarity with governing law and conflict of laws factors are neutral.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant LG's motion to transfer to NDCA.

5

| | |
|---|---|
| Dated: January 19, 2020 | */s/ J. Mark Mann* |
| | J. Mark Mann |
| | State Bar No. 12926150 |
| | Email: Mark@themannfirm.com |
| | G. Blake Thompson |
| | State Bar No. 24042033 |
| | Email: Blake@themannfirm.com |
| | **MANN TINDEL THOMPSON** |
| | 201 E. Howard Street |
| | Henderson, Texas 75654 |
| | Telephone: (903) 657-8540 |
| | Facsimile: (903) 657-6003 |
| | |
| | Darin W. Snyder (*Pro Hac Vice*) |
| | dsnyder@omm.com |
| | David S. Almeling (*Pro Hac Vice*) |
| | dalmeling@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | Two Embarcadero Center |
| | 28th Floor |
| | San Francisco, CA 94111 |
| | Telephone: 415-984-8700 |
| | Facsimile: 415-984-8701 |
| | |
| | Jeffrey Lau |
| | jeffreylau@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | 400 South Hope Street |
| | 18th Floor |
| | Los Angeles, CA 90071 |
| | Telephone: 213-430-6000 |
| | |
| | ***Attorneys for Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2020, the foregoing was served on all counsel of record by ECF.

*/s/ Jeffrey Lau*
Jeffrey Lau