**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **IKORONGO TEXAS LLC and** | § | |
| **IKORONGO TECHNOLOGY LLC,** | § | |
| **Plaintiffs,** | § | |
| | § | **CAUSE NO. 6:20-cv-00257-ADA** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **LG ELECTRONICS INC., and LG** | § | |
| **ELECTRONICS U.S.A., INC.,** | § | |
| **Defendants.** | § | |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

Before the Court is Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.'s (collectively, LG) Opposed Motion to Transfer (ECF No. 27), Plaintiffs Ikorongo Texas LLC and Ikorongo Technology LLC's (collectively, Ikorongo) Response (ECF No. 56), and Defendants' Reply (ECF No. 60). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendants' Motion to Transfer should be **DENIED**.

### I. Background

Ikorongo Texas filed this action on March 31, 2020, pursuant to the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). ECF No. 1. Ikorongo Texas and Ikorongo Technologies then filed an amended complaint on April 1, 2020. ECF No. 2. Plaintiffs allege patent infringement claims against LG relating to four U.S. Patents, Nos. RE 41,450; RE 45,543; RE 47,704; and 8,874,554. *Id.* at 3.

On September 11, 2020, LG filed an opposed Motion to Transfer under 28 U.S.C. § 1404(a). Defendants' Opposed Mot. to Transfer to the Northern District of California (hereinafter "Mot. to Transfer"), ECF No. 27. In LG's Motion to Transfer, LG argues transfer to the Northern District of California is proper because: (1) Ikorongo could have originally filed suit in the proposed transferee venue and (2) the convenience of the parties and interests of justice

weigh in favor of transfer. *Id.* at 8–13. On January 5, 2021, Ikorongo filed a response to LG's Motion. Pls.' Resp. in Opp'n to Defs.' Mot. to Transfer Venue and Br. in Supp. (hereinafter "Resp."), ECF No. 56. On January 19, 2021, LG filed a reply. Defs.' Reply in Supp. of Defs.' Mot. to Transfer to the Northern District of California Under 28 U.S.C. § 1404(a) (hereinafter "Reply"), ECF No. 60.

## II. Legal Standard

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202–03 (5th Cir. 2004) [*Volkswagen I*]. If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) [*Volkswagen II*] (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application

of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors

are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.* In applying these factors,

the court enjoys considerable discretion and assesses the case "on an 'individualized, case-by-case

consideration of convenience and fairness.'" *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir.

2010) (quotation omitted). The burden to prove that a case should be transferred for convenience

falls squarely on the moving party. *See id.* Although the plaintiff's choice of forum is not a separate

factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the

movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly

more convenient" than the forum in which the case was filed. *Id.* at 314–15. While "clearly more

convenient" is not necessarily equivalent to "clear and convincing," the moving party "must

show materially more than a mere preponderance of convenience, lest the standard have no real

or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267,

at *7 (E.D. Tex. Nov. 27, 2019).

## III. Discussion

The Court now turns to examine LG's § 1404(a) arguments. LG argues the Northern

District of California is both a proper and more convenient venue for this action. Mot. to Transfer

at 8–13.

### A.   LG Has Not Met the Threshold Requirement as to Ikorongo Texas LLC, But It Has Met the Threshold Requirement as to Ikorongo Technology LLC.

LG has not met its burden to show that Ikorongo Texas's current action could have initially

been brought in the Northern District of California. Under 28 U.S.C. § 1400(b), a patent

infringement action "may be brought" in any judicial district "where the defendant has committed

acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Ikorongo alleges LG committed acts of infringement in the Northern District of California and does not dispute it has a regular and established place of business in the Northern District of California. However, Ikorongo argues that this case could not have been brought in the Northern District because Ikorongo Texas owns exclusive rights under the Asserted Patents only in a geographic location that includes this District. Resp. at 5. According to Ikorongo, this ownership only permits Ikorongo Texas to file suit in this geographic location because LG's alleged acts of infringement with respect to Ikorongo Texas only occur within this geographic location. *Id.* at 8.[1]

The Court agrees. *Waterman v. Mackenzie*, 138 U.S. 252 (1891) and 35 U.S.C. § 261, which Ikorongo references in support of its argument, provide the principles that an applicant, patentee, or the individual's assigns or legal representatives can convey an exclusive right under his application to the whole or any specified part of the United States. These rights include the right to sue infringers. *Waterman*, 138 U.S. at 255. The Specified Part allows Ikorongo Texas to protect its rights to the patent within the prescribed geographic region.

LG argues that Ikorongo alleges LG committed acts of infringement in the Northern District of California and that the Court should focus on a defendant's contacts with the transferee forum when determining the threshold issue rather than if a plaintiff can sue in the transferee forum based on contractual permissions. Reply at 2, 3. As to the first argument, LG presumes far too much from Ikorongo's complaint. Ikorongo merely alleges that LG infringed and continues to infringe in the United States in each paragraph cited by LG. First Am. Compl. for Patent Infringement, ECF No. 2, at ¶¶ 21, 31, 41, 51. The Court does not read these paragraphs as allegations that infringement occurred in the Northern District of California for each plaintiff's

---

[1] Because neither party argues that LG cannot satisfy this issue as to Ikorongo Technology LLC, the Court will simply state the threshold issue has been satisfied.

claims just as the Court would not read these paragraphs as allegations that infringement occurred in this District for each plaintiff's claims.

LG's second argument incorrectly casts Ikorongo Texas's Specified Part as incidental to LG's contacts with the proposed transferee forum. Of course, a defendant's mere contacts with the proposed forum does not satisfy the threshold question's test. As noted above, a plaintiff can bring an action in any district where the defendant has a regular and established place of business *and* where the defendant has committed acts of infringement. 28 U.S.C. § 1400(b). While LG protests that the Specified Part cannot fix venue, it misses the fact that infringement itself is not fixed in one venue. Indeed, the Supreme Court recognized as far back as *Waterman* that assignment of an exclusive right to make, use, and vend a patented machine within a district gives the grantee the right to sue for infringement within that district because the assignment excludes all others, even the patentee, from making, using, or vending like machines within that particular district. *Waterman*, 138 U.S. at 256. Thus, the focus turns not to where LG committed any alleged acts of infringement but to where LG committed any alleged acts of infringement as to Ikorongo Texas. Any alleged infringement by LG of Ikorongo Texas's Specified Part could have only occurred within the geographic locations described in the specialized part. As with the hypothetical grantee in *Waterman*, Ikorongo Texas only has the right to sue for infringement that occurred within the districts included in its assignment.

LG argues that the Court should not endorse Ikorongo's "gamesmanship" because any patent holder could defeat § 1404 by simply creating a new entity and assigning that new entity the right to sue only in a particular district. Reply at 2–3. The Court does not agree. First, a suit brought on any Specified Part still must satisfy the venue requirements of § 1400(b). An assignee cannot simply avoid transfer by pointing to its geographically limited right. The district still must

be either the district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. In other words, assignment cannot grant a plaintiff access to a forum it could not access already. Second, regardless of whether an entity's right to sue has been limited by a Specified Part, an action may always be brought in the judicial district where the defendant resides. 28. U.S.C. 1400(b). A § 1404 motion to transfer to that district will always satisfy the threshold issue. Thus, LG has not met the threshold issue as to Ikorongo Texas. However, even assuming, *arguendo*, that LG has met the threshold issue as to Ikorongo Texas, the *Volkswagen* private and public interest factors do not support transfer.

**B.    The *Volkswagen* Private and Public Interest Factors Disfavor Transfer**

In order to determine whether LG has demonstrated good cause, the Court must weigh the private and public interest factors catalogued in *Volkswagen II*. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). If, when added together, the relevant private and public interest factors are in equilibrium, or even if they do not clearly lean in favor of the transferee venue, the motion must be denied. *Volkswagen II*, 545 F.3d at 315. Once again, the Court's ultimate inquiry is which forum will best serve the

convenience of the parties and the interests of justice. *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947).

In this case, the relevant factors do not support LG's motion to transfer this case. LG has not shown that the Northern District of California is "clearly more convenient" than the Western District of Texas when weighing the *Volkswagen* private and public interest.

1. **The Private Interest Factors Do Not Clearly Establish that the Northern District of California is a More Convenient Venue**

In considering private factors, the Court necessarily engages in a comparison between the hardships the defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer from transferring the action to the transferee venue. *Cf. Iragorri v. United Technologies Corp.*, 274 F.3d 65, 74 (2d Cir. 2001) (stating courts engage in such a comparison for *forum non conveniens* analyses). The Court will assess each of these factors in turn.

i. **The Relative Ease of Access to Sources of Proof**

A court looks to where documentary evidence, such as documents and physical evidence, is stored when considering the first private interest factor. *Volkswagen II*, 545 F.3d at 316. "To properly consider this factor, parties must "describe with specificity the evidence they would not be able to obtain if trial were held in the [alternate forum]." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981).

LG claims the ease of access to sources of proof compared across venues weighs heavily in favor of transfer, stating that the greatest volume of evidence is with key third parties located in the Northern District of California. Mot. to Transfer at 9. Specifically, LG argues that technical documents and source code relating to the accused technology are in Mountain View and Emeryville, California. *Id.* Additionally, LG alleges that Ikorongo has not identified any evidence

in this District, but to the extent such evidence does it exist, far more relevant evidence exists in the Northern District of California. *Id.* at 10.

Ikorongo responds to LG's contentions by advancing two arguments. First, Ikorongo argues this factor weighs against transfer because LG could access sources of proof just as easily in this District as in the proposed transferee district and that certain sources of proof are not even accessible in the proposed transferee district. Resp. at 9–10. According to Ikorongo, key third-party documents from Google are electronically accessible from anywhere and are not physically present in the Northern District of California. *Id.* Ikorongo also argues that LG has not identified any LG documents that are located in the Northern District of California. *Id.* at 11–12. Additionally, Ikorongo challenges the competence of LG's evidence on this factor; Ikorongo has filed a separate motion on this point. *See* Ikorongo Evidentiary Objs. to and Mot. to Strike Friedland Decl., ECF No. 55.

In its reply, LG reiterates that key third-party sources of proof are located in the Northern District of California. Reply at 4. Essentially, LG maintains that no Texas-based third-party locations can access relevant source code or technical documents, and all such sources of proof are created, maintained, and accessed by engineers and other third-parties in the Northern District of California. *Id.* LG also argues that Ikorongo has not identified any relevant sources of proof in or around this District. *Id.*

The Court determines the ease of access to sources of proof factor weighs in favor of transfer. Given that LG is the accused infringer, it will likely have the bulk of the documents that are relevant in this case. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of

8

transfer to that location."). Therefore, the Court finds that the location of the documents relevant in this case tilts this factor towards transfer.[2]

### ii.    The Availability of Compulsory Process to Secure the Attendance of Witnesses

When balancing this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses whose attendance may require a court order. *Volkswagen II*, 545 F.3d at 316.

In its initial brief, LG asserts this factor weighs in favor of transfer because the majority of third-party witnesses who it expects to testify are located in the Northern District of California. Mot. to Transfer at 11. Ikorongo responds to LG's arguments by stating the factor weighs against transfer. Resp. at 12–13. Ikorongo argues LG has not provided evidentiary support that the majority of third-party witnesses reside in the proposed transferee district and that the Court should not credit this argument. *Id.* at 12. Ikorongo also argues that the factor weighs against transfer because Google is not a true third-party in this case. *Id.* Finally, Ikorongo alleges that third-party

---

[2]Although the Court wishes to make clear that it has followed Fifth Circuit precedent regarding this factor, the Court believes that the factor itself is at odds with the realities of modern patent litigation. In patent disputes like the one now before the Court, relevant documents are typically located on a server, which may or may not be in the transferee district (or given the use of cloud-based storage, may be located on multiple servers in multiple districts, or even multiple countries) and are equally accessible from both the transferee and transferor districts. Therefore, in this Court's view, there is no difference in the relative ease of access to sources of proof from the transferor district as compared to the transferee district when the vast bulk of documents are electronic. District courts — particularly those with patent-heavy dockets that have very significant document productions — have recently begun to acknowledge this reality. *Uniloc USA Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-00642-JRG, ECF No. 216 at 8-9 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms."). The Court emphasizes that this factor was meant to be one of convenience, developed in a now antiquated world where hauling hundreds of boxes of physical documents across the country was most impractical. Indeed, it seems odd that, despite the likely relative ease of access to all kinds of relevant documents in today's digital world, a party (and a technologically savvy one at that) can automatically tilt a private factor in this analysis in its favor and away from a plaintiff's selected forum simply by raising its hand and acknowledging its status as the alleged infringer. However, under current Fifth Circuit precedent, the physical location of electronic documents affects this factor's outcome. *See, e.g., Volkswagen II*, 545 F.3d at 316. Even though it would not have changed the outcome of this motion, this Court expresses its hope that the Fifth Circuit will consider addressing and amending its precedent to explicitly give district courts the discretion to fully consider the ease of accessing electronic documents.

end users reside in this District, and it might need to subpoena those individuals for trial. *Id.* at 13.

In response, LG simply points out that compulsory process would exist over non-party engineers and inventors and that Ikorongo has not specifically identified witnesses likely to testify at trial who are subject to the Court's compulsory process. Reply at 5.

After considering the parties' arguments, the Court finds that this factor neutral. First, as to LG's arguments that third-party engineers are not within the Court's subpoena power, this Court has previously held that certain third parties with locations within this District and their employees do fall within the Court's subpoena power. *Parkervision, Inc. v. Intel Corp.*, No. 6:20-cv-00108, 2021 WL _____, at *7 (W.D. Tex. Jan. 26, 2021).

Second, and perhaps more to the point, LG has not shown any potential witness is unwilling to testify. When no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor. *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006); *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513, 2020 WL 6439178, at *4 (W.D. Tex. Mar. 17, 2020). Here, neither LG nor Ikorongo have identified any unwilling witnesses. Indeed, while LG points to Google and Avast employees as witnesses within the subpoena power of the Northern District of California, the Court is reluctant to give these witnesses weight because these parties collaborate with LG to implement their technology into LG products, which makes it unlikely that the employees would be unwilling to testify at a trial concerning LG. *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432, 2020 WL 4905809, at *4 (W.D. Tex. Aug. 20, 2020). Absent any showing of unwillingness, the Court will not attach much weight to this factor. Consequently, the Court finds this factor neutral.

### iii.      The Cost of Attendance for Willing Witnesses

The convenience of witnesses is the most important factor in a § 1404(a) analysis. *Genentech, Inc.*, 566 F.3d at 1342. While a court should not consider the significance of identified witnesses' testimonies, it should consider whether the witnesses may provide materially relevant evidence. *Id.* at 1343.

To assist in analyzing this factor, the Fifth Circuit adopted a "100-mile rule." *Volkswagen I*, 371 F.3d at 204–205; *see also Volkswagen II*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. Consequently, the threshold question is whether the movant's proposed venue and a plaintiff's chosen venue are more than 100 miles apart. *See Volkswagen II*, 545 F.3d at 317. If the distance is greater, then a court will consider the distances between the witnesses and the two proposed venues. *See id.* Importantly, the venue need not be convenient for *all* witnesses. *Genentech, Inc.*, 566 F.3d at 1345. If a substantial number of witnesses reside in one venue and no witnesses reside in another, the factor will weigh in favor of the venue where witnesses reside. *See id.*

As previously stated by this Court, "given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at trial." *Fintiv, Inc.*, 2019 WL 4743678, at *6. Indeed, the Court assumes only a few party witnesses and even fewer non-party witnesses (if any) will testify at trial. *Id.* Consequently, long lists of potential party and non-party witnesses do not affect the Court's analysis for this factor. *Id.*

LG argues that this factor weighs in favor of transfer because its relevant party witnesses and third-party witnesses are either closer to or within the Northern District of California than this

District. Mot. to Transfer at 11–12. In response, Ikorongo argues that LG has not carried its burden to show that the proposed transferee district is clearly more convenient because relevant witnesses are scattered across the country. Resp. at 13–14. According to Ikorongo, the varied locations of these witnesses make this District more convenient than the proposed transferee district. *Id.* Additionally, Ikorongo also argues LG failed to carry its burden on this factor because the cost of bringing witnesses to the Northern District of California far exceeds the cost of bringing them to this District. *Id.* at 14–16. Finally, Ikorongo stated it would cover the costs for the attendance of any live witness other than LG corporate representatives. *Id.* at 16. LG replies by stating it intends to call key third-party witnesses who are located in the Northern District of California. Reply at 5. LG also argues that Ikorongo has not identified any relevant witnesses in this District. *Id.* Finally, LG states that any cost savings due to the difference in food and lodging costs between the two districts would likely balance out because more witnesses would have to travel to this District. *Id.*

The Court finds that this factor weighs only very slightly in favor of transfer. First, the convenience of party witnesses is typically given little weight because the witnesses' employer could compel their testimony at trial. *Turner v. Cincinnati Ins. Co.*, 6:19-cv-642-ADA-JCM, 2020 WL 210809, at *4 (W.D. Tex. Jan. 14, 2020); *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, A-18-cv-413 LY, 2018 WL 5539929, at *7 (W.D. Tex. Oct. 29, 2018). Some courts have considered how far these witnesses would need to travel if few or no witnesses reside within the current district. *See, e.g., Genentech, Inc.*, 566 F.3d at 1345 (determining the convenience factor favored transfer, and not only slightly, in part because the defendants' employees and managers would not have to travel as far and the foreign plaintiff had no connection to the current venue); *contra Fintiv, Inc.*, 2019 WL 4743678, at *6 (stating the cost of attendance for party witnesses did not weigh for or against transfer because there were several potential witnesses in

12

both potential venues). However, because courts give the convenience of party witnesses little weight, the Court finds this consideration neutral irrespective of where these individuals may reside.

The Court agrees with LG that Ikorongo's failure to identify specific third-party witnesses in this District should factor into the analysis of this factor. The Court also recognizes that LG has established that Google and Avast would have few potential witnesses in this District and that it would be more convenient for these third-party witnesses to testify in the Northern District of California. This Court has recognized that the Northern District of California is the more convenient forum for a high percentage of Google's employees who may be relevant witnesses. *Parus Holdings Inc.*, 2020 WL 4905809, at *6. However, as mentioned above, this Court has previously recognized that only a few party witnesses and even fewer non-party witnesses will likely testify at trial. *Fintiv, Inc.*, 2019 WL 4743678, at *6. Moreover, given this reality, the Court finds the difference in cost of food and lodging somewhat relevant. Perhaps if every third-party witness were to testify, the cost-savings between the two districts would offset. Given the likelihood that not every identified third-party witness will testify and that Ikorongo has stated a willingness to cover those expenses for non-party witnesses, the Court finds these considerations not insignificant when evaluating this factor. Consequently, this factor weighs only slightly in favor of transfer.

### iv.   Other Factors That Make Trial Easy, Expeditious, and Inexpensive

In considering a transfer motion, the court considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. LG initially asserted that this factor weighs neutrally because the case is still in early stages and transfer would not cause delays. Mot. to Transfer at 13. Ikorongo responded by arguing that transferring the case

would actually be less expeditious because Ikorongo has filed suit against other entities, such as Bumble, in this District on some of the same patents Resp. at 16–17. Ikorongo also claims that transfer would make the case more expensive and hinder the progress of the case. *Id.* at 17–18. LG counters by now arguing the factor favors transfer because the case is still in its early stages. Reply at 6. LG also argues that the co-pendency of related suits does not automatically tip this factor in Ikorongo's favor. *Id.*

The Court finds this factor weighs against transfer. Even if transfer may not cause delay as LG argues, the Court notes such a finding would not weigh for or against transfer. The fact that a transfer would not cause a delay does not mean it rises to the level of a practical problem that clearly shows the proposed transferee venue is more convenient. It simply shows transfer is feasible.

While cases involving the same patents but different defendants, products, and witnesses will not necessarily be expedited by being in the same court, judicial economy may be served by having the Court try cases that involve the same patents. *See Hammond Dev. Int'l, Inc. v. Google LLC*, 1:20-cv-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020) (denying motion to transfer venue and finding that judicial economy was served by having the same district court try cases involving the same patents due to consolidation of the cases). As Ikorongo correctly points out, it has filed suit against Bumble in this District for infringing on patents asserted in this action, and Bumble withdrew its motion to transfer. LG's argument that the co-pendency of related suits should not play a role in the Court's analysis does not apply here. Granted, the co-pendency of suits does not automatically tip this factor in favor of the non-movant. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017). However, this simply means that the mere

existence of co-pending cases does not weigh against transfer. It does not mean co-pending cases should never affect the weight of this factor.

An examination of the case cited by LG proves instructive. In *Google*, there were co-pending cases against Walmart, Google, and Amazon. *Id.* All three filed motions to transfer to the same venue. *Id.* at *1. The district court denied Walmart's motion to transfer and found this factor weighed against transfer in large part because of the co-pending cases against Google and Amazon. *Id.* at *2. The district court then denied Google's motion to transfer and found this factor weighed against transfer in large part because of the co-pending cases against Walmart and Amazon. *Id.* The Court of Appeals held that the district court incorrectly analyzed this factor because "[b]ased on the district court's rationale . . . the mere co-pendency of related suits in a particular district would automatically tip the balance in non-movant's favor regardless of the existence of co-pending transfer motions and their underlying merits." *Id.* The outcome of the district court's analysis of this factor would, at best, depend on which transfer motion the court ruled on first. *Id.* In other words, mere co-pendency cannot weigh against transfer; it must implicate issues of judicial economy, potentially inconsistent rulings, or expeditious litigation.

Here, co-pendency does raise these concerns. Ikorongo has a co-pending case against Bumble implicating the same patents in this District. That case will continue in this District. The Court emphasizes it does not find this factor weighs against transfer merely because Ikorongo has filed suits against multiple defendants in this District. Rather, judicial economy and the possibility of inconsistent rulings causes the Court to find this factor weighs against transfer, given that at least one of the co-pending cases will remain in this District.

**2.  The Public Interest Factors Do Not Clearly Establish the Northern District of California is a More Convenient Venue**

15

The relevant public-interest factors also do not favor transfer. As previously noted, these factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law governing the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Volkswagen II*, 545 F.3d at 315. The Court will also consider each of these factors in turn.

### i.   Administrative Difficulties

Administrative difficulties manifest when litigation accumulates in congested centers instead of being handled at its origin. *Gulf Oil*, 330 U.S. at 508. This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963). The relevant inquiry under this factor is the speed with which a case comes to trial and is resolved. *Genentech, Inc.*, 566 F.3d at 1347.

LG states that, while this Court may be able to try this case earlier than the Northern District of California, time-to-trial is the most speculative of factors in this analysis. Mot. to Transfer at 13. Ikorongo, on the other hand, argues against transfer because the Court has set a trial date of January 2022 and surmises that the Northern District of California will suffer from more congestion than usual given the continued suspension of in-person proceedings due to the current COVID-19 pandemic. Resp. at 18–19. LG responds by simply stating this factor is neutral because time-to-trial is speculative. Reply at 6.

This Court recently had reason to analyze the difference in congestion between the Northern District of California and this District. *Parus Holdings Inc.*, 2020 WL 4905809, at *7. At that time, this Court's time-to-trial was 25% faster than the Northern District of California. *Id.*

16

Further, the comparison of time-to-trial throughout the Western District of Texas may overlook a faster time-to-trial within the Waco Division. Importantly, the Waco Division has its own patent-specific Order Governing Proceedings ("OGP") that ensures efficient administration of patent cases. In fact, a trial date has already been set in January 2022, which is roughly 11 months away. These facts indicate a greater efficiency of bringing cases, especially patent cases, to trial in the Western District of Texas than in the Northern District of California. This factor weighs against transfer.

## ii.    Local Interests

There is "a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947); *Piper Aircraft*, 454 U.S. 235, 260 (1981).

LG argues that the Northern District of California has a stronger local interest in this litigation than the Western District of Texas because LG integrates the accused applications in the proposed transferee district and three of the applications were developed there. Mot. to Transfer at 13. To further bolster this position, LG points out that Ikorongo Texas formed only a few weeks before it filed suit against LG and has a North Carolina address. *Id.* In response, Ikorongo argues the Western District of Texas has a localized interest because LG does not actually integrate the applications in the proposed transferee district. Resp. at 19. Ikorongo also argues that LG has not provided competent evidence that no Austin-based Google employees work on relevant functions. *Id.* Finally, Ikorongo alleges LG ignores the fact that Ikorongo Texas's claims relate to infringement in Texas and this District. *Id.* LG replies by stating nothing about Ikorongo Texas's infringement claim is distinct from an infringement claim in any other district or the specific interests of the proposed transferee forum given the development of "nearly every Accused Application" in the Northern District of California. Reply at 6.

17

The Court finds this factor weighs neutrally for the reasons that follow. First, LG rightly argues that the infringement of an accused product offered nationwide does not allow for any venue to claim a substantial interest. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Such arguments in this regard typically speak more to whether an entity could reasonably expect to be hailed into court in this District, not whether this District is more convenient for parties, witnesses, and in the interest of justice. The localized interest of a district exists when "the cause of action calls into question the work and reputation of several individuals residing in or near that district who presumably conduct business in that community." *Id.* at 1336. Such a situation presents itself here.

However, these interests are mitigated because a company's presence in a particular district weighs only slightly in favor of transfer because "it is generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise." *Found. Med., Inc.*, 2017 WL 590297, at *4. Along with this fiction, Ikorongo Texas's claims do specifically relate to infringement in this District. This fact holds true regardless of when the entity formed because Ikorongo Texas has the exclusive right to assert infringement claims that arise within this District. Accordingly, the Court finds that the local interest in having localized interests decided at home weighs neutrally.

### iii.     Familiarity of the Forum with the Law That Will Govern the Case

Both parties agree that this factor is neutral. Mot. to Transfer at 13; Resp. at 19. The Court also agrees.

### iv.     Avoiding Conflict of Laws and the Application of Foreign Laws Factors

Both parties agree that this factor is neutral. Mot. to Transfer at 13; Resp. at 19. The Court also agrees.

## IV. Conclusion

Having found that LG has not met the threshold issue as to Ikorongo Texas and, even if it has satisfied the threshold issue, that the access to proof and the cost of attendance for willing witnesses weigh in favor or only slightly in favor of transfer while other practical problems that make trial of a case easy, expeditious and inexpensive, and administrative difficulties weigh against transfer with the other factors being neutral, the Court finds that LG has not met its "heavy burden" to demonstrate that the Northern District of California is "clearly more convenient." *Volkswagen II*, 545 F.3d at 314 n.10, 315.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer (ECF No. 27) is **DENIED**. It is further **ORDERED** that the above-styled case remain on the docket of United States District Judge Alan D Albright.

**SIGNED** this 1st day of March, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE